NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CHANEL, INC., a New York corporation, and LOUIS VUITTON MALLETIER, a French corporation,  )<br>)<br>)<br>)<br>)<br>Plaintiffs,  )<br>)<br>–v.–  )<br>)<br>HAKIM N. CRADDOCK and MICHELLE DENEE CRADDOCK-BOULER t/a www.betterhandbags.com and www.betterhandbags1.com, and JOHN DOES 1-10,  )<br>)<br>)<br>)<br>)<br>Defendants.  ) | Civil Action No. 05-1593 (HAA)<br><br>**OPINION** |

Gabriel H. Halpern, Esq.
PINILIS HALPERN, LLP
237 South Street
Morristown, New Jersey 07960
*Attorney for Plaintiffs*

Juliana E. Blackburn, Esq.
THE LAW OFFICES OF JULIANA E. BLACKBURN, P.C.
936 Broad Street, Second Floor
Newark, New Jersey 07102
*Attorney for Defendant Michelle Denee Craddock-Bouler*

**ACKERMAN, Senior District Judge:**

On February 27, 2006, this Court granted the motion of Plaintiffs Chanel, Inc. ("Chanel") and Louis Vuitton Malletier ("Vuitton") (collectively "Plaintiffs") for default judgment against Defendant Hakim N. Craddock ("Craddock") in this action for trademark counterfeiting. In its

February 27, 2006 Opinion and Order, the Court fully described the factual background of this case and need not reiterate those facts here. On April 26, 2006, the Court held a hearing for the purpose of determining the appropriate award of damages and injunctive relief. Having heard argument from counsel, and having carefully reviewed Plaintiffs' submissions, the Court now sets forth its findings with respect to damages and injunctive relief.

*Analysis*

Plaintiffs seek permanently to enjoin Craddock from engaging in the activities identified in the Complaint. A broad permanent injunction is warranted, particularly in light of Craddock's demonstrated commitment to selling counterfeit Chanel and Vuitton products. Indeed, even after Craddock had received Chanel's November 11, 2004 cease-and-desist letter, and had assured Chanel that he would remove Chanel's products from his website, Craddock merely opened a new website devoted to selling the same counterfeit items. Plaintiffs note that strong consumer demand for Chanel and Vuitton products provides a further reason why a broad permanent injunction is warranted against Craddock, and this Court agrees. Therefore, the Court will grant the requested injunction pursuant to 15 U.S.C. § 1116.

Plaintiffs also request statutory damages pursuant to 15 U.S.C. § 1117(c). This provision of the Lanham Act permits a plaintiff to elect an award of statutory damages of not less than $500.00 and not more than $100,000.00 per counterfeit mark, per type of good. 15 U.S.C. § 1117(c)(1). If the Court finds that the defendant's actions were willful, the Court may impose statutory damages of up to $1,000,000.00 per infringement. 15 U.S.C. § 1117(c)(2). Plaintiffs seek statutory damages of $100,000.00 per trademark infringed, per type of good. There are nine types of goods, and nine trademarks per type of good, for a total of 81 individual acts of

2

infringement. Thus, Plaintiffs seek a total award of statutory damages of $8,100,000. They justify these damages on the following grounds: Plaintiff's access to an extensive inventory of counterfeit Chanel and Vuitton products (at least 203 different items); the high prices that these counterfeit products commanded (i.e., $120.00 per handbag); Craddock's decision to continue selling counterfeit goods on an alternate website even after being warned to cease and desist; Craddock's dilatory behavior during this litigation that prevented Plaintiffs from obtaining discovery into Craddock's sales and profits; and the likelihood that Plaintiffs have not uncovered the full extent of Craddock's counterfeiting operations.

    Plaintiffs' request for statutory damages of $100,000 per counterfeit mark, per type of good, is compelling. First, the Court finds that statutory damages are appropriate because Craddock's refusal to participate in discovery has deprived Plaintiffs of information regarding his actual sales and profits. Second, Adrienne Hahn Sisbarro, Chanel's Director of Legal Administration, has declared that in her experience, she has "overseen a number of internet counterfeiting cases for Chanel" and has observed that where discovery is obtainable, high sales volumes, "even in excess of $150,000 per month," are not uncommon. (Sisbarro Decl. ¶ 3.) She has attested that internet sellers such as Craddock "often do a very substantial business at very high profit margins, because they have virtually no overhead and maintain a constant virtual inventory stream directly from overseas factories." (*Id.*) Ms. Sisbarro's statements are consistent with evidence of Craddock's own activities. Craddock maintained an extensive inventory, as is seen in the 878 pages of his webpage at www.betterhandbags.com that Plaintiffs have provided to the Court. Accordingly, the Court finds that statutory damages of $100,000 per counterfeit mark, per type of good, are appropriate.

Plaintiffs also seek an award of attorneys fees pursuant to 15 U.S.C. § 1117(b). That subsection pertains to counterfeit marks and provides that a court "shall" award "a reasonable attorney's fee" where the defendant has "intentionally us[ed] a mark or designation, knowing such mark or designation is a counterfeit mark . . ., in connection with the sale, offering for sale, or distribution of goods or services." 15 U.S.C. § 1117(b). As noted in the February 27th Opinion and Order, the Court finds that Craddock had knowledge of his infringing acts no later than his receipt of the November 11, 2004 cease-and-desist letter. Moreover, his subsequent decision to continue selling counterfeit Chanel and Vuitton products under another web address demonstrates his intent to use Plaintiffs' marks in connection with the sale, offering for sale, or distribution of counterfeit goods. Therefore, having found that Craddock possessed the necessary intent and knowledge, the Court will award attorneys' fees pursuant to 15 U.S.C. § 1117(b). The Court has reviewed the declaration of Gabriel H. Halpern, Plaintiffs' attorney, and finds that an award of $8,015.00 in attorneys' fees is reasonable.

Finally, Plaintiffs seek an award of costs. Costs include $426.90 for filing fees, service of process, and Lawyers Service delivery. They also include $1,416.22 that Chanel paid to an investigator as part of its investigation into Craddock's unlawful activities. Investigators' fees and costs may be awarded under the Lanham Act. *See Louis Vuitton S.A. v. Downtown Luggage Ctr.*, 706 F. Supp. 839, 842 (S.D. Fla. 1988). Accordingly, the Court finds that Plaintiffs' request for fees and costs is appropriate.

### *Conclusion*

Judgement shall follow in a separate Order consistent with this Opinion.

Newark, New Jersey                                          s/ Harold A. Ackerman, U.S.D.J.